UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SAWYER,

                              Plaintiff,

        vs.                                                    9:19-cv-879
                                                               (MAD/ATB)
CORRECTIONAL OFFICER
LOCY,
                              Defendant.

_____

APPEARANCES:                          OF COUNSEL:

ROBERT SAWYER
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
*Pro Se*

BARCLAY DAMON LLP                     TERESA M. BENNETT, ESQ
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, Robert Sawyer, commenced this action *pro se* on July 22, 2019, against the

County of Jefferson, Sheriff Colleen O'Neill, Correctional Officer Hyde, Correctional Officer

Allen, and Correctional Officer Locy. *See* Dkt. No. 1. On September 12, 2019, Plaintiff filed a

motion to amend his complaint. *See* Dkt. No. 9. On October 2, 2019, the Court reviewed

Plaintiff's amended complaint, dismissed Plaintiff's claims against all defendants except

Defendant Locy ("Defendant"), and accepted the amended complaint as the operative pleading.

Dkt. No. 10. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 alleging deliberate indifference

by Defendant. *Id*.

On August 10, 2020 Defendant filed a motion for summary judgment asserting that Plaintiff had failed to exhaust his administrative remedies and the deliberate indifference claims fails on the merits. Dkt. No. 24. Plaintiff filed an opposition to Defendant's motion raising new facts regarding exhaustion. Dkt. No. 31.

On October 21, 2020, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation recommending that the Court deny Defendant's motion for summary judgment. Dkt. No. 38. Magistrate Judge Baxter noted that Defendant failed to present any evidence that Plaintiff lied about C.O. Baker refusing to file Plaintiff's grievance.. *Id*. at 10. Defendant objects to Magistrate Judge Baxter's Order and Report-Recommendation asserting that, regardless of whether Plaintiff's self-serving assertions are true, Plaintiff had a duty to seek assistance from another officer before determining that the grievance process was unavailable to him. Dkt. No. 40 at 5-7.       A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the

motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept,

reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that Defendant's motion for summary judgment must be denied.  In his objections, Defendant contends that Magistrate Judge Baxter erred in finding "that Defendant failed to refute Plaintiff's bald and self-serving assertion that Corrections Officer Baker refused to accept his grievance form with 'party depositions and/or affidavits' contradicting such claim[.]" Dkt. No. 40 at 5 (citing Dkt. No. 38 at 7-10). It is true that Plaintiff had previously failed to mention C.O. Baker by name. However, in his amended complaint, Plaintiff alleges that "another C.O. refused to take [the grievance] for filing."  Dkt. No. 11 at 5.  Although Plaintiff did not specifically identify who this correctional officer was in his amended complaint, he does make the allegation that, after Sergeants Hyde and Allen refused to provide him with a grievance form, another correctional officer eventually provided him with the form and that yet another correctional officer refused to file it for him.  *See id.*  This allegation, coming from a *pro se* litigant, was sufficient to put Defendant on notice that availability of administrative remedies would be an issue.  Defendant has provided the Court with no evidence to support his contention that C.O. Baker never refused to file Plaintiff's grievance.  Moreover, Defendant has not provided the Court with any evidence that he previously requested Plaintiff to identify this unnamed correctional officer during discovery and that Plaintiff failed to do so.  Without more, given the special solicitude provided to *pro se* litigants, the Court finds that Magistrate Judge Baxter correctly determined that questions of fact remain as to whether administrative remedies were available to Plaintiff.

In support of his objections, Defendant relies on several cases where the court found that a plaintiff's bald assertion that he was refused a grievance or that a correctional officer refused to

file his grievance is insufficient to defeat the defendant's motion for summary judgment. *See* Dkt. No. 40 at 8 (citing cases). In these cases, however, the defendants relied upon a more fully developed record and cited to inconsistencies in the plaintiff's deposition testimony or other activities noted in the record. *See, e.g.*, *Rodriguez v. Cross*, No. 15-cv-1079, 2017 WL 2791063, \*6-8 (N.D.N.Y. May 9, 2017) (refusing to find that the grievance process was unavailable where the record demonstrated that the plaintiff was able to file several grievances regarding different incidents in close proximity to the incident at issue in that litigation, and noting that the plaintiff's deposition testimony regarding grievance tampering by prison officials was belied by the record); *Khudan v. Lee*, No. 12-cv-8147, 2016 WL 4734364, \*5-6 (S.D.N.Y. Sept. 8, 2016) (holding that the plaintiff's contradictory deposition testimony and evidence presented in opposition to summary judgment failed to permit the court to find that administrative remedies were unavailable to the plaintiff); *Colon v. N.Y.S. Dep't of Corr. & Comty. Supervision*, No. 15-cv-7432, 2019 WL 5294935, \*8 (S.D.N.Y. Oct. 17, 2019) (finding that the plaintiff's claims that administrative remedies were unavailable was refuted by the evidence in the case, including his own deposition testimony, that demonstrated that he successfully filed a number of grievances during the time period at issue, none of which were "thwarted" by the prison staff as the plaintiff claimed or that his disability made it impossible for him to comply with the exhaustion requirements). Here, unlike the cases relied upon by Defendant, no evidence in the record contradicts Plaintiff's statement in his amended complaint that his ability to file a grievance was thwarted by prison staff. Perhaps had Defendant taken Plaintiff's deposition, he would have provided contradictory answers that would permit the Court to find that summary judgment is appropriate. In the absence of such evidence, however, the Court finds that Magistrate Judge

Baxter correctly determined that the Court should deny Defendant's motion for summary judgment on this ground.

Next, Defendant argues that Magistrate Judge Baxter incorrectly determined that "the Rule Book fails to provide 'guidance on *how* an inmate may file a grievance.'" Dkt. No. 40 at 5 (citing Dkt. No. 38 at 10).  In his Order and Report-Recommendation, Magistrate Judge Baxter found that, "[t]o the extent defendant argues that C.O. Baker's refusal to file plaintiff's grievance did not render his administrative remedies unavailable (i.e. plaintiff had other reasonably available means to file his grievance), the court has no basis to agree without resorting to speculation." Dkt. No. 38 at 10.  As Magistrate Judge Baxter correctly noted, Plaintiff has alleged and Defendant does not dispute that JCCF does not provide anything akin to a "drop box" through which an inmate may submit a grievance.  Indeed, the inmate rule book submitted by Defendant does not provide any guidance as to how an inmate may file a grievance; the rules merely state that a formal grievance form will be provided upon request, and then an inmate grievance "will be investigated." Dkt. No. 24-2 at 29-30.  Moreover, the affidavit of Facility Administrator Lieutenant Mark Wilson fails to provide any insight into how an inmate may file a formal grievance at JCCF. *See* Dkt. No. 24-1 at ¶¶ 6-8.  As such, the Court finds that Magistrate Judge Baxter correctly determined that, in the absence of any such evidence, or testimony from Plaintiff contradicting his position that C.O. Baker's refusal to accept and file his grievance precluded him from exhausting his administrative remedies, this Court cannot grant Defendant's motion for summary judgment. *See Local Unions 20 v. United Bhd. of Carpenters & Joiners of Am.*, 223 F. Supp. 2d 491, 507 (S.D.N.Y. 2002) ("declin[ing], in the absence of any evidence, to speculate on what 'the evidence would show' if offered").

Accordingly, the Court hereby

6

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 38) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 24) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 39) is **DENIED without prejudice**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 16, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Although the Court has denied Plaintiff's motion to appoint counsel, now that this case is trial ready, the Clerk of the Court will determine whether Plaintiff will seek the appointment of *pro bono* trial counsel.